KLUG & SMITH CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5191. Promulgated January 31, 1930.

*A. T. Smith, Esq.*, and *Virgil Y. Moore, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, and *O. W. Swecker, Esq.*, for the respondent.

968

OPINION.

MURDOCK: Section 234 (a) (1) of the Revenue Act of 1918 allowed, in computing the net income of a corporation, the deduction of all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensations for personal services actually rendered. Evidence has been offered of the training, experience and value to the corporation of the officers Klug and Smith. From this evidence it appears that these two men were largely responsible for the profits resulting from the business of the corporation, which business they had only shortly before carried on as partners. Clients employed the petitioner in order to secure the services of these two men. In rendering these services, the two men worked early and late. After deduction of their compensation, the corporation had sufficient net income remaining to represent a reasonable return on the par value of its capital stock.

We do not know just why the Commissioner disallowed a part of the deduction claimed. Unless there is something about the circumstances of the particular case which suggests the necessity for the substitution of our judgment of the reasonableness of salaries for that of the directors of the corporation, we will be slow to make such substitution. There is no such necessity in this case. *Woodcliff Silk Mills*, 1 B. T. A. 715; *H. V. Green Co.*, 5 B. T. A. 442; *Standard Silk Dyeing Co.*, 9 B. T. A. 648; *Gray & Co.* v. *United States*, 35 Fed. (2d) 968; cf. *Home Industry Iron Works*, 8 B. T. A. 1267.

*Judgment will be entered under Rule 50.*